UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:23-CR-176-SDJ |
| § | |
| MARCUS DALE SMALLWOOD (1) § | |

**MEMORANDUM ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is the report of the United States Magistrate Judge in this action, the matter having been referred to the Magistrate Judge under 28 U.S.C. § 636. On May 29, 2024, the Magistrate Judge entered a Report and Recommendation ("Report"). (Dkt. #37). In the Report, the Magistrate Judge recommended that the Court deny Defendant's Motion to Suppress. (Dkt. #25).

The Court has conducted a de novo review of the objections and the portions of the Report to which Defendant Marcus Dale Smallwood specifically objects. Smallwood's first objection is that there was no evidence presented "that [he] was going to the apartment to purchase methamphetamine." (Dkt. #40 at 2). The Government agrees, stating that "[t]here was no direct evidence that Smallwood was purchasing the methamphetamine from Hicks on January 19, 2023[.]" (Dkt. #42 at 2). The Court agrees and therefore sustains this objection. As to Smallwood's second objection, the Court concludes that the factual recitation is accurate and the objection is overruled.

Turning to the merits, the Court finds that Lt. James Cole Sain had reasonable suspicion that Smallwood violated Texas Transportation Code § 545.060(a), and that

this reasonable suspicion was sufficient to initiate his traffic stop. On that basis, the Court modifies the Report's conclusions as to Texas Transportation Code § 545.060(a) and finds that the subsequent search of Smallwood's person and his vehicle were proper searches incident to a lawful arrest. That said, the Court also agrees with the Magistrate's remaining analysis and conclusions and finds that this search was also independently supported by reasonable suspicion under the collective-knowledge doctrine. Thus, except as otherwise noted below, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. LEGAL STANDARD

"If an officer has a reasonable suspicion that a person has committed a traffic violation, the officer may conduct a traffic stop." *State v. Hardin*, 664 S.W.3d 867, 872 (Tex. Crim. App. 2022). Under Texas Transportation Code § 545.060(a), "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." As the Texas Court of Criminal Appeals has explained, for an operator to violate this section, they must "fail to maintain a single marked lane of traffic in an unsafe manner." *Hardin*, 664 S.W.3d at 876.

Consistent with the statute's requirements, for an officer to develop reasonable suspicion of a Section 545.060(a) violation, "the record must contain specific, articulable facts that, when combined with reasonable inferences from those facts, would lead the detaining officer to reasonably suspect that the failure to maintain a

2

single lane of traffic was unsafe under the circumstances." *Garcia v. State*, No. 05-10-01122-CR, 2011 WL 2685977, at *2 (Tex. App.—Dallas July 12, 2011, no pet.).

## II. DISCUSSION

Lt. Sain's report and his testimony confirm that, under the totality of the circumstances, he developed a reasonable suspicion that Smallwood had violated Section 545.060(a). This reasonable suspicion was sufficient to initiate a traffic stop.

In his report, Lt. Sain states that he observed Smallwood's vehicle both "swerving within its lane" and then "fail[ing] to maintain a single lane when it crossed the solid white lane marker of the right hand lane." (Dkt. #40-2). Referencing Smallwood's failure to maintain a single lane by crossing the solid white lane marker, Lt. Sain goes on to confirm that Smallwood "committed this traffic violation" "multiple times," at which point Lt. Sain initiated the traffic stop. The obvious implication of the report is that Lt. Sain observed Smallwood repeatedly failing to maintain a single marked lane of traffic in an unsafe manner. Indeed, it's difficult to imagine how repeatedly veering out of a marked lane of traffic would be considered "safe" driving. And the officer's conclusion that Smallwood weaving out of his lane multiple times was a "traffic violation" further confirms that the officer viewed Smallwood's driving as unsafe.

Lt. Sain reaffirmed this common-sense conclusion in his testimony at the hearing on Smallwood's motion to suppress:

> **Question:** Now when you add in the fact that you've got Mr. Smallwood who is a known methamphetamine abuser believed to be in possession of methamphetamine, and he has gone repeatedly as you've said in your report, swerving within the lane in the 3700 block, over the fog lines in

3

>both the 3800 block and the 3900 block, *did you believe that it was unsafe for him to leave his lane of travel?*
>
>**Answer:** Yes ma'am.

(Dkt. #38) (emphasis added). Notably, Lt. Sain's reasonable suspicion of unsafe driving was confirmed during the traffic stop. When Smallwood was asked why he repeatedly swerved out of his lane and onto the shoulder of the road, he admitted that he was engaged in distracted driving—"'messing' with his phone while driving." (Dkt. #37 at 8). Finally, Smallwood's unsafe driving occurred while "other vehicles were traveling near [him]." (Dkt. #37 at 3).

Texas courts have repeatedly found such circumstances sufficient under Section 545.060(a) to support a law-enforcement officer's reasonable suspicion of a violation. *See, e.g.*, *Learning v. State*, 227 S.W.3d 245, 249 (Tex. App.—San Antonio 2007, no pet.) (finding reasonable suspicion when officer observed the defendant veering within his own lane and into an adjacent lane four times); *Garcia*, 2011 WL 2685977, at *1 (finding reasonable suspicion supported by officer's observation that "appellant veer[ed] from the center lane of the [road] into the right lane, then veer[ed] from the center lane into the left lane); *Anderson v. State*, No. 05-04-01534-CR, 2005 WL 1515693, at *3 (Tex. App.—Dallas June 28, 2005, no pet.) (finding reasonable suspicion supported by officer's observations that the defendant "cross[ed] from the left lane into the center lane three times" while surrounded by a "medium flow of traffic" and that "[e]ach time [defendant] swerved into the center lane, he would 'jerk back' into the left lane"); *Powell v. State*, No. 03-10-00728-CR, 2011 WL 4357756, at *4 (Tex. App.—Austin Sept. 14, 2011, no pet.) (finding reasonable suspicion even

4

when officer testified that traffic "was 'light'" and that he had only observed the defendant's vehicle "drive 'four to five inches' into the shoulder of the roadway"). Under the circumstances, and applicable Texas law, the Court finds that Lt. Sain had a reasonable suspicion that Smallwood had violated Section 545.060(a) by repeatedly departing from his lane in an unsafe manner. *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.) (noting that an officer need not "show a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress").[1]

In addition to finding that Lt. Sain had reasonable suspicion, the Court finds that Smallwood violated Section 545.060(a). True, Lt. Sain did not learn that Smallwood was "'messing' with his phone while driving" until after he had initiated his traffic stop. But the timing of this discovery is immaterial: Defendant's concession that he was driving in a distracted manner only further supports that his repeated veering in and out of the shoulder with other vehicles nearby was unsafe. *Cf. Queeman v. State*, 520 S.W.3d 616, 621–22 (Tex. Crim. App. June 14, 2017) (categorizing "distracted driving due to cell phone use and abrupt, aggressive unsafe lane change[s]" as "serious, blameworthy conduct" sufficient to support criminally negligent homicide). And even if the Court could set Smallwood's concession aside, it would still find that Smallwood's repeated veering out of his lane of traffic was done

---

[1] *See also, e.g., Cook v. State*, 63 S.W.3d 924, 928 (Tex. App.—Houston [14th Dist.] 2002, pet. Ref'd) (even in the absence of other evidence that the driver's actions were unsafe, the driver's constant weaving into the adjacent lane of traffic was "sufficiently unsafe so that the officer was not required to wait until appellant placed himself or others in immediate peril as a result of his erratic driving") (internal quotation omitted).

unsafely given the totality of the circumstances. The Court therefore holds that Smallwood violated Section 545.060(a)—an arrestable violation in Texas—and the subsequent searches of Smallwood and his vehicle were supportable as searches incident to his arrest.

Even if the Court did not hold that Lt. Sain's searches were lawful searches incident to Smallwood's arrest, it would still find that Lt. Sain had reasonable suspicion based on all the reasons in the Report, (Dkt. #37 at 8–11), and would hold that the search was lawful under the collective-knowledge doctrine.

### III. CONCLUSION

For these reasons, the Court concludes that Smallwood's Factual Objection One, (Dkt. #40 at 2–3), is **SUSTAINED**. Smallwood's Factual Objection Two, (Dkt. #40 at 3–8), is **OVERRULED**.

It is further **ORDERED** that, except as modified herein, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is further **ORDERED** that Defendant's Motion to Suppress Evidence, (Dkt. #25), is **DENIED**.

**So ORDERED and SIGNED this 4th day of March, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE